1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ANTHONY T. GUILLEN,

Petitioner,

v.

MATTHEW CATE, Secretary, California
Department of Corrections and Rehabilitation,

Respondent.

Civil No.     09cv0608-JM (CAB)

**REPORT AND RECOMMENDATION TO
GRANT RESPONDENT'S MOTION TO
DISMISS**

**[Doc. No. 7]**

Petitioner Anthony T. Guillen, a state prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  This matter comes before the Court on consideration of Respondent Matthew Cate's motion to dismiss the petition.  Having considered the motion, the opposition thereto, and relevant legal authority, this Court **RECOMMENDS** that the motion to dismiss be **GRANTED** and the Petition be **DISMISSED** with prejudice.

## I.  PROCEDURAL BACKGROUND

According to the Petition, on April 22, 2004, a jury convicted Petitioner of assault with a deadly weapon and by means likely to produce great bodily injury.  (Pet. 2; Lodgment 2, Clerk's Transcript, vol. 1, at 115.)  On May 26, 2004, Petitioner was sentenced to a prison term of 35 years to life.  (Pet. 1; Lodgment 2, vol. 1, at 135.)  Petitioner appealed his conviction to the California Court of Appeal on June 20, 2005.  (Lodgment 3.)  The state appellate court affirmed the judgment on February 6, 2006. (Lodgment 6.)  On March 20, 2006, Petitioner filed a petition for review in the California Supreme Court.  (Lodgment 7.)  On April 26, 2006, the state supreme court denied the petition for review, without

1   prejudice to any relief to which Petitioner might be entitled after the court decided *People v. Cage*.

2   (Lodgment 8.)  Over two years later, on July 7, 2008, Petitioner filed a petition for writ of habeas corpus

3   in the state supreme court.  (Lodgment 9.)  The state supreme court denied the petition on December 10,

4   2008.  (Lodgment 10.)

5       Petitioner filed his federal habeas petition on March 23, 2009.  [Doc. No. 1.]  In his Petition,

6   Petitioner asserts several grounds for relief based on alleged errors by the trial court in admitting

7   evidence, giving jury instructions and sentencing.  (Pet. 6-8.)  On May 11, 2009, Respondent filed a

8   motion to dismiss the petition ("Resp't Mem."), arguing Petitioner's claims are barred by the applicable

9   one-year statute of limitations.  [Doc. No. 7.]  Petitioner has filed an opposition to the motion to dismiss

10  ("Pet'r Opp'n"), arguing that his Petition was timely filed.  [Doc. No. 8.]

11                                    **II.  DISCUSSION**

12      Respondent argues that the Petition should be dismissed, because it is barred by the applicable

13  statute of limitations.  Because this case was filed after April 24, 1996, it is governed by the

14  Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA").  *Lindh v.*

15  *Murphy*, 521 U.S. 320, 336 (1997).  Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitation

16  applies to an application for a writ of habeas corpus filed "by a person in custody pursuant to the

17  judgment of a State court."  The limitation period runs from the latest of:

18          (A) the date on which the judgment became final by the conclusion of
            direct review or the expiration of the time for seeking such review;
19          (B) the date on which the impediment to filing an application created by
            State action in violation of the Constitution or laws of the United States is
20          removed, if the applicant was prevented from filing by such State action;
            (C) the date on which the constitutional right asserted was initially
21          recognized by the Supreme Court, if the right has been newly recognized
            by the Supreme Court and made retroactively applicable to cases on
22          collateral review; or
            (D) the date on which the factual predicate of the claim or claims
23          presented could have been discovered through the exercise of due
            diligence.

24

25  28 U.S.C. § 2244(d)(1).

26      The "conclusion of direct review" is not the denial of review by the California Supreme Court,

27  but 90 days thereafter, upon the expiration of the time in which to file a petition for a writ of certiorari in

28  the United States Supreme Court.  *Tillema v. Long*, 253 F.3d 494, 498 (9th Cir. 2001); *Bowen v. Roe*,

188 F.3d 1157, 1159 (9th Cir. 1999).  In this case, the California Supreme Court denied Petitioner's petition for review on April 26, 2006.  (Lodgment 8.)  Petitioner never filed a petition for writ of certiorari with the U.S. Supreme Court, so the judgment became final 90 days thereafter, on July 26, 2006.  The statute of limitations began running on July 27, 2006 and expired on July 27, 2007.  Fed. R. Civ. P. 6(a) (excluding the day from which the period begins to run from the calculation of the time). Petitioner filed his federal Petition on March 23, 2009, well past the one-year limitations period.  Absent statutory or equitable tolling, the Petition is time-barred.

**A.  Statutory tolling**

The statute of limitations is tolled during the pendency of any "properly filed" collateral attack in the state courts.  28 U.S.C. § 2244(d)(2); *Artuz v. Bennet*, 531 U.S. 4, 7-8 (2000).  The Ninth Circuit has held that "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."  *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  On July 7, 2008, Petitioner sought state collateral review by filing a petition for writ of habeas corpus in the state supreme court.  (Lodgment 9.)  At this point, however, the statute of limitations had already expired.  It is well established that the filing of a state post-conviction petition cannot restart the limitation clock under § 2244(d)(2) once it has expired.  *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).

In his opposition, Petitioner argues, "toll time does not start until 90 days after the California Supreme Court decided (*People v. Cage* S127344) which was decided in May, 2007."  (Pet'r Opp'n 1-2.)  Petitioner's argument appears to be that the statute of limitations was tolled until the state supreme court made a decision on *People v. Cage*.  Under AEDPA, however, the statute of limitations begins to run upon the "conclusion of direct review" of Petitioner's case, not some other case.  The limitations period in Petitioner's case expired on July 27, 2007, and statutory tolling is not available, because Petitioner's collateral attack in the state court was filed after that date.  Absent equitable tolling, the instant Petition is time-barred.

**B.  Equitable tolling**

AEDPA's limitations provision is subject to equitable tolling when "extraordinary circumstances" beyond a prisoner's control prevented him from filing a petition on time.  *Harris v.*

1   *Carter*, 515 F.3d 1051, 1055-56 (9th Cir. 2008); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir.

2   2006); *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005); *see also Lott v. Mueller*,

3   304 F.3d 918, 922 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1066-67 (9th Cir. 2002); *Miles v.*

4   *Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).  "When external forces, rather than a petitioner's lack of

5   diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may

6   be appropriate." *Miles*, 187 F.3d at 1107.  Equitable tolling will not be available in most cases because

7   extensions of time should be granted only if "extraordinary circumstances beyond [a] prisoner's control

8   make it impossible to file a petition on time." *Calderon v. U.S. Dist. Court for the Cent. Dist. of Cal.*

9   *("Beeler")*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation and internal quotation marks omitted).  This

10  high bar is necessary to effectuate AEPDA's statutory purpose of encouraging prompt filings in federal

11  court.  *See Carey v. Saffold*, 536 U.S. 214, 226 (2002).  The Ninth Circuit has said that the petitioner

12  "bears the burden of showing that this extraordinary exclusion should apply to him." *Miranda*, 292 F.3d

13  at 1065.  Whether equitable tolling is in order turns on an examination of detailed facts. *Lott*, 304 F.3d

14  at 923.

15          Here, Petitioner fails to demonstrate extraordinary circumstances to warrant equitable tolling.  It

16  appears Petitioner mistakenly believed that he could wait until *People v. Cage* was decided to file his

17  collateral attack in state court.[1]  Petitioner's lack of understanding of AEDPA's statute of limitations,

18  however, does not constitute extraordinary circumstances.  Any claim of ignorance of the exhaustion

19  requirement, statute of limitations, or statutory tolling rules does not constitute an extraordinary

20  circumstance warranting equitable tolling. *See Rasberry*, 448 F.3d at 1154 (holding that a *pro se*

21  petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting

22  equitable tolling).  Petitioner has not met the burden of showing that equitable tolling should be applied

23  _____

24          [1]  The state courts cited this case in reference to Petitioner's claim that the trial court erred by
    admitting a tape and transcript of a 911 call from the victim, because it violated his Sixth Amendment
25  right to confrontation.  (Lodgment 6, at 5.)  The state appellate court rejected this claim and found that
    the trial court had not erred in admitting the evidence.  In a footnote, however, that court noted that
26  *People v. Cage* was pending.  (*Id.* at 11 n.3.)  The issue in that case was whether statements obtained
    through police officer questioning in the field are testimonial.  The California Supreme Court decided
27  *People v. Cage* in April 2007 and found that the victim's statements to the police officer in the hospital
    waiting room was testimonial and its admission at trial was a violation of the confrontation clause.
28  *People v. Cage*, 40 Cal. 4th 965, 986 (Cal. 2007).  After the decision in *People v. Cage*, Petitioner did
    not file a renewed petition for review in the state supreme court.  Nor does he argue now that *People v.*
    *Cage* entitled him to any sort of relief.

09cv0608

1 | in his case.  As such, the instant Petition was untimely filed.[2]

2 | ### III.  CONCLUSION

3 | Based upon the foregoing discussion, the Court **RECOMMENDS** that the motion to dismiss the

4 | habeas corpus petition be **GRANTED** and the Petition be **DISMISSED** with prejudice.  This report and

5 | recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge

6 | assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

7 | **IT IS ORDERED** that no later than <u>July 29, 2009</u>, any party to this action may file written

8 | objections with the Court and serve a copy on all parties.  The document should be captioned

9 | "Objections to Report and Recommendation."

10 | **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and

11 | served on all parties no later than **<u>ten days after being served with the objections</u>**.  The parties are

12 | advised that failure to file objections within the specified time may waive the right to raise those

13 | objections on appeal of the Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 29, 2009

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge

---

[2]  Even if the limitations period should somehow be tolled during the time that *People v. Cage* was pending and began to run again when it was decided on April 9, 2007, the one-year period would have run out by April 10, 2008.  Petitioner did not file his state habeas petition until July 7, 2008, after that one-year period had expired.  As discussed above, the limitations clock can be tolled for a properly filed collateral attack in state court, but not after the limitations period has already run.

09cv0608